IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY RICE, ) | |
| # 12584-028, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 20-cv-386-SMY |
| ) | |
| SPROUL, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Timothy Rice is incarcerated at the United States Penitentiary in Marion, Illinois ("Marion"). He filed this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the calculation of his 12 month and one day sentence on revocation of his supervised release in *United States v. Rice*, No. 14-CR-00056-001 (S.D. Ind. 2014). (Doc. 1).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus cases.

Rice claims he is entitled to 28 days of good conduct credit pursuant to the First Step Act, Public Law 115-391. Specifically, he asserts he is entitled to an additional 7 days per year of his sentence prior to his original release. (Doc. 1, p. 7). Section 102(b)(1) of the First Step Act amended 18 U.S.C. § 3624(b)(1) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed. Under the previous version of the statute, the Bureau of

1

Prisons ("BOP") awards good conduct time based on a prisoner's time served, which allows a prisoner to earn only 47 days of good conduct time for each year of the sentenced imposed.

Rice's request was denied by "Unit Classification" on April 21, 2020. (*Id.*, p. 3). He states that he did not seek formal administrative review of this initial denial because he "doesn't have enough time left to exhaust the Administrative Remedy Procedure." (*Id.*, p. 5). His current release date is August 16, 2020. (*Id.*, p. 7).

## **Discussion**

The Attorney General, acting through the BOP, calculates an inmate's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). The BOP has created an Administrative Remedy Program which "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a).

A habeas petition pursuant to 28 U.S.C. § 2241 is the proper vehicle to challenge the calculation, *i.e.*, the execution, of a sentence. *Romandine v. U.S.*, 206 F.3d 731, 736 (7th Cir. 2000). Generally, a petitioner must exhaust administrative remedies before petitioning the Court for relief. *See Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997); *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *Jackson v. Carlson*, 707 F.2d 943, 949 (7th Cir. 1983). But a court may excuse exhaustion where:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action;
>
> (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested;
>
> (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or

(4) where substantial constitutional questions are raised.

*Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

Rice's claim that he will not have time to exhaust the BOP's administrative remedies does not fall within into any of these categories. Moreover, the entire point of exhaustion requirements is to allow agencies the opportunity to evaluate and remedy errors internally. Rice speculates that the BOP will deny his request at all three levels of review, an assumption that the Court will not make.

## Conclusion

For the foregoing reasons, Petitioner Timothy Rice's Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner chooses to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months)

irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  May 6, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**