IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY RICE, )<br># 12584-028, )<br>    )<br>    Petitioner, )<br>    )<br>  vs. )<br>    )<br>SPROUL, )<br>    )<br>    Respondent. ) | Case No. 20-cv-386-DWD |

# **MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Petitioner Timothy Rice was formerly incarcerated at the United States Penitentiary in Marion, Illinois ("Marion"). He filed this habeas corpus action pursuant to 28 U.S.C. § 2241 in to challenge the calculation of his 12 month and one day sentence on revocation of his supervised release in *United States v. Rice*, No. 14-CR-00056-001 (S.D. Ind. 2014). (Doc. 1). The case was dismissed on screening for failure to exhaust administrative remedies. (Doc. 3). Now before the Court is his Motion to Alter or Amend (Doc. 6).

Petitioner's Motion was filed within 28 days of the entry of judgment and will be considered under Federal Rule of Civil Procedure 59(e). *Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014). Amendment of the judgment under Rule 59(e) is "proper only when the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly

1

establishes a manifest error of law or fact." *Stragapede v. City of Evanston*, 865 F.3d 861, 868 (7th Cir. 2017). It is an "extraordinary remed[y] reserved for the exceptional case." *Childress v. Walker*, 787 F.3d 433, 442 (7th Cir. 2015). A Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).

Petitioner complains that because failure to exhaust administrative remedies is generally an affirmative defense, it was improper for the Court to dismiss his Petition on screening on that basis. (Doc. 6). A district court may, however, dismiss a complaint where "the existence of a valid affirmative defense, such as the failure to exhaust, is so plain from the face of the complaint that the suit can be regarded as frivolous." *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010). In his Petition, Petitioner specifically admitted he had not filed any grievances regarding the administrative action at issue. (Doc. 1, p. 5). When asked why, he responded "I don't have enough time left to exhaust the administrative procedure." (*Id.*). This does not excuse the failure to make any attempt—the entire point of the exhaustion requirement is allow agencies the opportunity to evaluate and remedy errors internally and in a timely manner before the matter must go to court. The failure to exhaust was plain from the face of the Petition, and so it was not a manifest error of law to dismiss the Petition without prejudice on that basis.

Petitioner also adds a new allegation that the exhaustion requirement should have been waived, because the prison is on lockdown and Petitioner's unit had no counselor.

2

To the extent this is essentially an argument that the grievance process was unavailable, it is a new and different assertion than the one he made in the Petition, and therefore unavailable on a Rule 59(e) motion. Moreover, this does not amount to unavailability of the grievance process.

Finally, this matter is moot because Petitioner has been released from the Bureau of Prisons and has no further term of supervised release to serve on this sentence. See, www.bop.gov/inmateloc.

### Disposition

Petitioner's Motion to Alter or Amend **(**Doc 6**)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE: January 12, 2021**

_____
**DAVID W. DUGAN**
**United States District Judge**